**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**


**CIVIL ACTION NO. 11-101-JBC**

**MELISA GOINS,**
**AS NEXT FRIEND OF M.G.,**                                                           **PLAINTIFF**

**V.**                          **MEMORANDUM OPINION AND ORDER**


**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**                          **DEFENDANT**

**\* \* \* \* \* \* \* \* \* \***

        This matter is before the court upon cross-motions for summary judgment on

Melisa Goins's appeal of the Commissioner's denial of her son M.G.'s application

for child's Supplemental Security Income ("SSI").  The court will grant the

Commissioner's motion, R. 15, and deny Goins's motion, R. 13, because

substantial evidence supports the administrative decision.

        In April 2008, when she filed the application, Goins alleged that her son had

disabling impairments from birth that included a learning disability and Attention

Deficit Hyperactivity Disorder ("ADHD").  Her claim was denied initially and upon

reconsideration.  Following a July 2009 hearing, Administrative Law Judge ("ALJ")

Andrew G. Sloss determined that M.G. is not disabled under Section

1614(a)(3)(C)(i) of the Social Security Act.

        Applying the three-step process for evaluation of disability claims for those

under the age of 18, *see* 20 C.F.R. § 416.924; *Elam v. Comm'r of Soc. Sec.,* 348

F.3d 124, 125 (6th Cir. 2003), the ALJ found that M.G. has not engaged in substantial gainful activity since the application date and that he suffers from a severe impairment -- borderline intellectual functioning -- meeting the first two steps of the three-step evaluation at 20 C.F.R. §§ 416.924(b) and 416.924(c).  AR 17.  Finding that M.G. could not show that his impairment meets, "medically equals" or "functionally equals" the criteria of a Listing section, *see* 20 C.F.R. § 416.924(d), the ALJ denied the claim in September 2009.  AR 17, 26.  The Appeal Council denied a request for review in December 2010 and Goins, as M.G.'s next friend, commenced this action.

Goins challenges the ALJ's findings on two grounds: (1) that the ALJ erred in finding that M.G.'s mental condition did not meet the requirements of Sections 112.02 of the Listing of Impairments; and (2) that the ALJ erred in failing to find that M.G.'s mental condition met the requirements of Section 12.05D of the Listing of Impairments.

The ALJ properly determined that M.G. did not meet the requirements of Section 112.02 of the Listing of Impairments concerning organic mental disorders. In order to meet this Listing section, a claimant must show impairment in one of ten areas of Section A and demonstrate the required level of severity in two of four areas in section B for the appropriate age range.  20 C.F.R. Part 404, Subpart P, Appendix 1 Section 12.02.  The first requirement concerning a "marked" impairment in age-appropriate cognitive/communicative function is conceded by the

defendant.  However, Goins has failed to show an impairment of the required severity in one of the other three areas.

The second area, requiring a "marked" impairment in the claimant's social functioning, has not been met by Goins.  Goins testified at the administrative hearing that M.G. had "a lot of friends" and that he played well with other children.  AR 32, 35.  An SSA Function Report showed that: M.G. enjoyed being with other children of the same age; showed affection toward other children and his parents; shared toys; and enjoyed playing games such as tag and hide-and-seek.  AR 125.  School reports indicated that his social and emotional status was commensurate with that of his peers.  AR 387, 562.  A Learning Assessment Screening examination revealed that M.G.'s social development was "ok."  AR 409.  E. Gibson, his kindergarten teacher, reported that he worked in groups, got along with others, and respected authority.  AR 157.  While Gibson also reported that he distracted others by talking to them, this does not rise to the level of "marked" social dysfunction.  AR 160.

Psychologist Mary Allen-Genthner administered the Vineland Adaptive Behavior Scales Second Edition (Vineland II) assessment to M.G., which indicated only "moderately low" functioning in socialization skills.  AR 300. Therefore, substantial evidence supports the ALJ's finding that M.G. did not have a "marked" impairment of social functioning.

Goins has also failed to show that M.G. has a "marked" impairment in the area of personal functioning, the third area of Section B.  Goins testified at the

administrative hearing that M.G. was able to dress himself, bathe himself, and get snacks and drinks from the refrigerator.  AR 36.  On the Function Report, Goins said that M.G.'s impairments did not affect his ability to take care of his personal needs.  AR 126.  School records do not note a problem in the areas of self-help/adaptive behavior.  AR 109.  Testing on the Vineland II indicated no more than "moderately low" functioning in daily living skills.  AR 300.  Thus, substantial evidence supports a finding that M.G. did not have a "marked" impairment in personal functioning.

Finally, Goins has not shown that M.G. suffers from "marked" difficulties in maintaining concentration, persistence, or pace, the fourth area of Section B.  In October of 2008, M.G.'s Kindergarten teacher, E. Gibson, reported that M.G. needed constant reminders to complete his work, often failed to finish things he started, often had difficulty concentrating for long periods, was often hyperactive, often daydreamed, and was often inattentive.  AR 160-164.  However, in April 2009 Gibson reported that M.G. worked independently, followed directions, used time wisely, and completed class work.  AR 220.  Lana Cornett, M.G.'s speech/language pathologist, reported that he had no problem with concentration, sitting still, fidgeting, daydreaming, impulsive behavior, being inattentive, or talking too much.  AR 159. Thus, while M.G. had some problems in this area, the evidence does not indicate that these would be of a "marked" level of severity. Because Goins is unable to show that M.G. met the requirements in at least two of

4

the four areas of Section B, substantial evidence supports the ALJ's finding that he did not meet the requirements of Section 112.02.

Section 12.05D of the Listing of Impairments applies to adults and not to children under the age of 18.  Therefore, the court has considered whether M.G.'s mental problems would meet the requirements of Section 112.05D and 112.05E, the applicable regulations for children.   These sections require a claimant to show "a valid verbal, performance, or full scale IQ of 60 through 70."  Mary Allen-Genthner's report reveals a verbal IQ score of 74, a performance IQ score of 75 and a full scale IQ score of 71.  AR 298.  All of these scores are above the Listing requirement.  AR 298. Therefore, substantial evidence supports the ALJ's finding that M.G. does not meet the requirements of 112.05D and 112.05E.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Goins's motion for summary judgment, R 13, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R 15, is **GRANTED**.

The court will enter a separate judgment.

Signed on June 19, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5